LAND GRANTORS IN HENDERSON, UNION, and WEBSTER COUNTIES, KENTUCKY and their heirs, Mediation; Claimants/Plaintiffs,

v.

The UNITED STATES, Defendant.

No. 93–648X.

United States Court of Federal Claims.

Feb. 28, 2007.

Nancie G. Marzulla, and Roger J. Marzulla, Marzulla & Marzulla, Washington, D.C., Mark Stephen Pitt, Wyatt Tarrant & Combs, LLP, Louisville, Kentucky, for plaintiffs.

William James Shapiro, Sacramento, California, for defendant, United States Department of Justice.

## MEDIATION ORDER

BRADEN, Judge.

Pursuant to the parties' February 23, 2007 Joint Stipulation and the February 26, 2007 telephone status conference, the court hereby appoints Justice Sandra Day O'Connor to serve as Mediator in this case for a term of 120 days, to commence on March 1, 2007. See RCFC Appendix H. The time for mediation will not be extended, unless Justice O'Connor requests otherwise.

The purpose of this mediation is to settle all claims pending in the United States Court of Federal Claims between the parties. The Mediator is not adjudicating any claims or issues presented in this case, nor acting as an advocate or counsel for any party. Likewise, the parties' participation in the mediation is not an admission of fact or law, responsibility, fault or liability, in this or any other case.

Mediation is a confidential process. Therefore, all non-public documents submitted to the Mediator and statements made during the mediation, including any proposed settlement terms, will be treated as confidential during the mediation and thereafter for all purposes, except all participants recognize that attorneys for the United States Department of Justice (and any client agencies) have no authority to agree to any settlement terms or compromise any defenses that have or may be asserted by the United States. That authority is vested with the Attorney General of the United States or his designee. Therefore, any settlement agreement reached during mediation would need approval by the appropriate authorities from within the Department of Justice and any necessary federal agency before it would be binding on the United States. Likewise, counsel for Claimants/Plaintiffs will need approval by the class before any agreement would be binding. In the event counsel for Claimants/Plaintiffs believe that the disclosure of any confidential information is required to secure such approval, Claimants/Plaintiffs' counsel will seek prior and specific approval by written motion to the court with notice to Defendant's counsel.

To facilitate the mediation and ensure compliance with this Order, the court suggests that Acting Assistant Attorney General McKeown and former Assistant Attorney General Marzulla serve as chief spokesmen for the respective parties. No party or counsel will be bound by any agreement unless it is reached, reduced to writing, executed by all counsel for all parties, and entered by the court as an Order.

Mediation is voluntary and may be terminated at any time. Withdrawal will be effective on the date that one party provides notice of withdrawal to the other party, the Mediator and the court.

On July 9, 2007, the parties will provide the court with a copy of any agreement reached or a status report.

**IT IS SO ORDERED.**